# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# Statesville DIVISION
# DOCKET NO. 5:18-cv-00152-FDW

| | |
|---|---|
| Crystal B. Johnson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Andrew Saul, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"). (Doc. No. 18). Defendant filed a response in opposition arguing the number of hours expended by Plaintiff's counsel was excessive. (Doc. No. 19). Plaintiff subsequently filed her reply. (Doc. No. 20). Having carefully considered the motions, the record, and applicable authority, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

## I. BACKGROUND

On March 19, 2020, this Court reversed the Commissioner's decision regarding Plaintiff's application for Supplemental Social Security Income and Disability Insurance Benefits. (Doc. No. 15). The Court concluded the ALJ committed reversible error when she failed to recognize the apparent conflict between Plaintiff's RFC and the job descriptions found within the DOT. Id. at p. 15. The Court remanded for further proceedings, and Plaintiff filed the instant motion on June 17, 2020. (Doc. No. 18).

## II. STANDARD OF REVIEW

Granting a motion for attorney's fees and costs to the "prevailing party" under the EAJA is proper "unless the court finds that the position of the United States was substantially justified or

that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA provides for a "reasonable" award of attorney's fees. 28 U.S.C. § 2412(d)(2)(A) (2018). In determining whether such award is reasonable,

> [t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court should also exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.... Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

Hensley v. Echerhart, 461 U.S. 424, 433-34, 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983) (quotation and citation omitted) (emphasis in original). Notably, the party seeking the attorney fee award bears the burden of establishing reasonableness. Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002).

In evaluating whether a requested award is reasonable, district courts enjoy substantial discretion. Id. at 254. Courts will typically consider the following factors in determining reasonableness: "(1) the extent of a plaintiff's success; (2) the novelty and complexity of the issues presented; (3) the experience and skill of the attorney; and (4) the typical range of compensated hours in a particular field." Rogers v. Astrue, 2015 WL 9239000, at *2 (W.D.N.C. Dec. 17, 2015).

### III. DISCUSSION

Plaintiff seeks a total award of $8,992.88 for 44.31 hours worked. (Doc. No. 18, p. 5). Plaintiff calculated hourly rates of $202.08, $202.66, and $205.16 based on the Consumer Price Index and the cost of living. Id. at 4. Defendant concedes Plaintiff is the prevailing party but argues the number of hours for which Plaintiff requests attorney's fees is excessive and should be reduced.

(Doc. No. 19, p. 1). Defendants argue the hours worked by Plaintiff's counsel is excessive for four reasons: (1) the issues were neither complex nor novel; (2) the length of the administrative record was only 580 pages; (3) Plaintiff's counsel is highly skilled in this area; and, (4) the requested hours worked is outside the range of typical hours compensated in Social Security cases. Id. at p. 4. Defendant also requests and hourly rate of $202.95 but offers no argument to justify this requested hourly rate. See id. at p. 1. Accordingly, this Court will use the hourly rates requested by Plaintiff and award any fees based on an averagr hourly rate of $203.30.

The Court finds Plaintiff has not met her burden in establishing the reasonableness of the requested fee award.[1] The requested award represents 44.31 hours work billed, and the Court agrees with Defendant that this is outside the typical range of hours compensated for Social Security cases in this circuit. See, e.g., Lewis v. Saul, 2020 WL 3259395, at *3-*4 (D.S.C. June 16, 2020) (reducing hours worked from 46 to 35); Gibson v. Colvin, 2015 WL 728251, at *2 (E.D.N.C. Feb. 19, 2015) (finding 46.3 hours compensable where administrative record exceeded 1,000 pages); Brandon v. Colvin, 2015 WL 728225, at *2 (E.D.N.C. Feb. 19, 2015) (finding 23.5 hours compensable); Harlan v. Colvin,. 2014 WL 1632931, at *2-3 (W.D.N.C. Apr. 23, 2014) (finding 32 hours compensable); Gibby v. Astrue, 2012 WL 3155624, at *5 (W.D.N.C. Aug. 2, 2012) (recognizing 20 to 40 hour convention); Dixon v. Astrue, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008) (finding 25.23 hours of attorney time compensable). Notably, one of the highest fee awards in this circuit was based on 46.3 hours of compensable work—only 2 hours more than requested here—when the administrative record exceeded 1,000 pages. Gibson, 2015

---

[1] In her reply Plaintiff repeatedly argues Defendant has not provided any affidavits supporting his position. (See generally Doc. No. 20). The Court notes that Defendant has no burden to establish the requested award is unreasonable, but that Plaintiff bears the burden of establishing reasonableness.

WL 728251, at *2. In contrast, the administrative record here was only 508 pages. (Doc. No. 8-1). This fact alone calls into question the reasonableness of the hours worked by Plaintiff's counsel.

Plaintiff fares no better after a close review of counsel's time sheet. The time entries are replete with block billing and a lack of detail such that it is difficult for this Court to evaluate the reasonableness of the requested award. (Doc. No. 18-2). For example, on January, 22, 2019, counsel billed 6.5 hours for work described as "review ALJ decision, transcript of hearing, [m]erit memo, [b]egin draft of brief and writing multiple sections of brief; begin file review and medical index." Id. at p. 1. This time entry is a classic example of block billing, and Plaintiff is simply incorrect in arguing that her attorneys did not engage in block billing. (Doc. No. 20, p. 8); see also McAfee v. Boczar, 738 F.3d 81, 90 (4th Cir. 2013) (describing block billing as "lumping tasks together in time entries rather than making such entries task-by-task). Given the lack of detail in the time records, counsel's extensive experience in litigating Social Security appeals,[2] and the typical range of compensable hours in Social Security cases, this Court finds Plaintiff's requested fee award unreasonable. However, the Court acknowledges the time, effort, and skill it took for counsel to obtain a favorable judgment for Plaintiff.

### IV. CONCLUSION

Accordingly, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney's Fees. In the exercise of its discretion, the Court reduces Plaintiff's requested award by 17 hours and awards a total of 27.31 hours of work compensated at an average hourly rate of $203.30, totaling $5,552.12.

---

[2] Defendant notes Plaintiff's counsel has 33 years of experience in this field, a fact which Plaintiff does not address in her reply brief. (Compare Doc. No. 19, p. 6 with Doc No. 20).

IT IS SO ORDERED.

Signed: October 14, 2020

Frank D. Whitney
United States District Judge

5